UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date 2/13/04
By [signature]
Deputy Clerk

UTILITY WORKERS, LOCAL 369,
    Plaintiff,

v.

EXELON NEW ENGLAND POWER
SERVICES, INC.,
    Defendant.

C.A. No. 04-CV-10293DPW

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Defendant Exelon New England Power Services, Inc. ("Exelon" or "the Company") hereby opposes Plaintiff Utility Workers, Local 369's (the "Union" or "Local 369") motion for a temporary restraining order. As shown below and in the accompanying Affidavit of Bruce Smith, the Union's motion should be denied because restraining orders and injunctive relief in labor-management disputes is prohibited by the Norris-Laguardia Act, 29 U.S.C. §§ 101, et. seq., in all but the narrowest of exceptions. The Union has not set forth the requisite showing for the application of that exception because Local 369 cannot demonstrative – as it must – that arbitration of this dispute would be meaningless without prior issuance of a temporary restraining order, or that Local 369 would be irreparably harmed without the issuance of a temporary restraining order.

# 1693248_v1

## ARGUMENT[1]

In the arena of labor relations, where collective bargaining is the preferred method of labor-management dispute resolution, "the nation's labor policy counsels that district courts be chary about intruding into the [labor relations] field." *Independent Oil and Chemical Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co.*, 864 F.2d 927, 929 (1st Cir. 1988). The Norris-LaGuardia Act (the "Act"), 29 U.S.C. § § 101 et seq., codifies the nation's historical policy *against* court interference in labor disputes, and prohibits courts from issuing restraining orders in labor disputes, except in "*strict conformity*" with the Act. 29 U.S.C. § 101 (emphasis added).

In applying this narrow exception to the Act, courts will intervene in labor disputes "only when necessary to preserve the mechanisms of peaceful arbitration or when circumstances of imminent, irremediable harm threaten." *Independent Oil*, 864 F.2d at 929, citing *Buffalo Forge Co. v. United Steelworkers*, 428 U.S. 397 (1976); *Boys Markets Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235 (1976). Given this considerable threshold, restraining orders and injunctions are rarely issued in matters that are subject to arbitration under a collective bargaining agreement between labor and management. Indeed, "[b]ecause the exception cannot be allowed to engulf the rule [prohibiting injunctive relief in the labor relations arena], it must be tightly confined. Injunctions of this sort are, quite appropriately, a rarity." *Independent Oil*, 864 F.2d at 929.

---

[1] The factual background relevant to this dispute is set forth in the Affidavit of Bruce Smith, attached hereto.

# 1693248_v1

In order to obtain a restraining order or injunction under the narrow exception to the Act, a union must show that (1) its grievance is arbitrable; (2) that an injunction is necessary to preserve the arbitration, and (3) irreparable harm and imbalanced hardships would result without the issuance of an injunction. *International Brotherhood of Teamsters v. Almac's, Inc.*, 894 F.2d 464, 465 (1st Cir. 1990), citing *Boys Markets*, 398 U.S. at 247-49, *Independent Oil*, 864 F.2d at 932. In this Circuit, if the Court finds the first prong of the test to be satisfied, and the subject of a controversy to be arbitrable, it must still assess the request for relief under the second and third prongs, and "must not interfere unless the actions taken or threatened by one of the parties would render the outcome of any arbitration which might follow meaningless." *Independent Oil*, 864 F.2d at 930, citing *Local Lodge No. 1266, IAM v. Panoramic Corp.*, 668 F.2d 276, 282-3 (7th Cir. 1981); *Lever Brothers Co. v. International Chemical Workers Union, Local 217*, 554 F.2d 115, 123 (4th Cir. 1976).

I.  The Union Fails To Meet The Standard For Issuance Of A Temporary Restraining Order Under The *Boys Markets* Exception To The Norris-Laguardia Act.

Local 369 filed grievances related to Exelon's reduction in staff at Mystic Units 4, 5 and 6. *See* Complaint, Ex. C. The Company concedes the arbitrability of these matters. Accordingly, the first prong of the *Boys Market* test has been met.

At this point, however, the Union's petition for a restraining order collapses. As noted, in order to obtain a restraining order, the Union also must demonstrate that an injunction is necessary to preserve the arbitration, and that irreparable

# 1693248_v1

harm and imbalanced hardships would result without the issuance of a restraining order or injunction. *See Boys Market*, 398 U.S. at 247-49. In this case, Local 369 has not met, and can not meet, this weighty test.

Local 369's request for a restraining order seeks relief for two "classes" of employees. While Local 369 "does not contend that the Company may not reduce its force", it asks the Court to direct the Company to "maintain staffing levels that are necessary for the safe operation of the facility." Plaintiff's Motion, p. 7. By its Complaint, *See* Complaint, ¶31, Local 369 contends that Exelon's reduction of employees must not exceed nineteen, thereby demanding an increase in the staffing level contemplated by the Company at Mystic Unit 7. Thus, Local 369's request seeks an order that prohibits the Company from terminating the employment of some number of employees below what the Union avers is a safe manning level. *See* Complaint ¶31.

There is, however, no risk of irreparable harm to these employees because their loss of employment can be adequately and readily compensable by reinstatement or monetary damages. The law on this point is well settled. Where a remedy at law would provide adequate relief, there is no basis for the extraordinary award of injunctive relief. *See* 29 U.S.C. § 107 (d) (requiring "no adequate remedy at law"); *DeNovellis v. Shalala*, 135 F.3d 58, 64 (1st cir. 1998) ("a temporary loss of income which may be recovered later does not usually constitute irreparable injury"); *Miller Plymouth Center, Inc. v. Chrysler Motors Corp.*, 286 F. Supp. 529, 532 (D. Mass. 1968) ("If money damages are proper and adequate relief to plaintiff

# 1693248_v1

- 4 -

for the effect upon it of defendant's alleged breach over the period subsequent to the final determination on the merits, so also should they be proper and adequate for the period between the date of the termination and the final determination on the merits.").

If Local 369 prevails in arbitration on this matter, an arbitrator may award reinstatement with back pay to employees who were subject to the Company's reduction in staffing. In short, the arbitration process will provide a forum for the full redress of any harm suffered by those employees who are subject to the planned reduction in force. Accordingly, injunctive relief or a restraining order is <u>not</u> necessary to prevent the arbitration from being meaningless, nor necessary to prevent irreparable harm to these employees. The union workers face no risk of irreparable harm for the temporary loss of work: their rights can be fully vindicated after a full hearing on the merits. *Almac's*, 894 F2d. at 465, n. 2 (injury that could be "fully redressed by arbitral award" is not "irreparable").

Local 369 also requests injunctive relief for a second "class" of employees: those employees who are not subject to the reduction in force, but who will remain employed at Mystic Unit 7, under conditions that Local 369 contends would place them in "harm's way". Plaintiff's Motion, p. 11. Local 369 contends that the alleged unsafe conditions pose the threat of irreparable harm that <u>must</u> be demonstrated before the issuance of a restraining order.

As noted, herein, "restraining orders addressed to arbitrable matters are seldom to be had." *International Oil*, 864 F. 2d at 929. Accordingly, to justify the

# 1693248_v1

- 5 -

extraordinary remedy of a restraining order and an exception to the Act, Local 369's allegations of imminent irreparable harm must be "substantial." See 29 U.S.C. § 107(b). Local 369 has failed to present <u>any</u> evidence to support such a finding.

Local 369's Motion and Verified Complaint is devoid of any "substantial" proof that would support its claim of imminent irreparable harm to the employees who will remain employed after the reduction. Rather, Local 369 merely asserts that based on its employees' experience, "the safe operation of Mystic Unit 7 will be compromised if the layoff numbers exceed nineteen." Complaint ¶31. There is absolutely no factual support for this assertion; there is no expert testimony, no citation to an industry standard, and no citation to any legal standard by the Union.

Further, Local 369 offers no evidence that the requested injunction would alleviate the alleged safety risks identified by the Union. Indeed, as set forth in the Verified Complaint, the alleged safety risks are "due to the deteriorating condition of the facility." See Complaint, ¶ 29, Exhibit B. Moreover, Local 369 acknowledged as much in the Complaint it filed with OSHA and attached to its Verified Complaint as Exhibit B. In the Union's own words, it filed the OSHA complaint because it was "[c]oncerned with the low staffing levels and risks of harm." Id. Notably, however, that Complaint contains eight separate paragraphs that allege safety violations – and <u>not one</u> is related to inadequate staffing, and all of relate to the deteriorating condition of the facility. Enjoining the scheduled layoffs would have no impact on the *condition of the facility, and the safety risks alleged by the Union.* Accordingly, to address the Union's alleged threat of "imminent, irremediable harm," the Court

would have to go far beyond a passive restraining order and *affirmatively* direct Exelon to conduct various construction and maintenance projects.

II.  The Union Must Post A Bond Before A Restraining Order Can Issue.

The Act provides that "[n]o temporary restraining order ...shall be issued except on condition that *complainant shall first file an undertaking with adequate security in an amount to be fixed by the court* sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with reasonable attorney's fees)...". 29 U.S.C. § 107 (emphasis added). *See Educational and Recreational Services,* 1980 WL 2165, *4. Accordingly, even if the Court were to grant the Union's request for a restraining order, Exelon demands adequate security and the opportunity to submit estimated losses, expenses and reasonable costs.

## **CONCLUSION**

For these reasons, Exelon respectfully requests that the Court deny Local 369's Motion for a Temporary Restraining Order.

> Respectfully submitted,
>
> EXELON NEW ENGLAND POWER SERVICES, INC.
>
> By its Attorneys,
>
> HOLLAND & KNIGHT LLP
>
> _____
> Douglas W. Phillips (BBO #563404)
> Liam T. O'Connell (BBO # 558249)
> Paul G. Lannon, Jr. (BBO #563404)
> 10 St. James Avenue
> Boston, MA 02116
> (617) 523-2700

Dated: February 13, 2004

# 1693248_v1



I HEREBY CERTIFY THAT A TRUE COPY OF
THE [ ... ] SERVED
UPON [ ... ]
EACH OTHER PARTY BY [ ... ] FOR [ ... ] ON

13 Feb 2004